IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INES A. PEÑA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-4303-B-BN |
| | § | |
| LESLIE R. CASAUBON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial
screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the
district court. The findings, conclusions, and recommendation of the magistrate judge
are as follow:

**Background**

This is a *pro se* civil action brought by Ines A. Peña, a Texas resident, alleging
that her attorney in an employment disability proceeding performed deficiently. On
October 25, 2012, Plaintiff tendered a civil complaint to the district clerk and filed an
application to proceed *in forma pauperis*. Because the information provided by Plaintiff
in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this
case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint
to be filed. Written interrogatories then were sent to Plaintiff in order to obtain
additional information about the factual basis of her suit. Plaintiff answered the

interrogatories on December 10, 2012. The Court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

**Legal Standards**

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*." ). A federal court's jurisdiction is limited, and, unless otherwise provided by statute, federal courts generally may hear a case of this nature only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper. *See Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995).

**Analysis**

Plaintiff generally alleges that her attorney, Lisa Casaubon, provided her false assurances, refused to accept her calls, and failed to successfully prosecute her application for disability benefits. *See* Dkt. No. 3 at 2; Dkt. No. 10 at Question 1. She seeks information regarding the disposition of her case but has not specified monetary damages. *See* Dkt. No. 10 at Question 2.

Plaintiff has failed to state a cognizable claim arising under federal law that would support jurisdiction under 28 U.S.C. § 1331. In her complaint and interrogatory

answers, Plaintiff attempts to sue for legal malpractice or similar wrongdoing by her attorney in connection with her disability claim. However, such claims generally do not arise under the Constitution, laws, or treaties of the United States in order to provide federal question jurisdiction. *See Singh v. Duane Morris, LLP,* 538 F.3d 334, 338-40 (5th Cir. 2008) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (declining to find federal question jurisdiction over legal malpractice claim despite embedded federal issue of trademark law). The legal malpractice claims raised by Plaintiff do not raise a substantial and disputed federal issue, and applying federal question jurisdiction to such a state-law tort claim would "upend the balance between federal and state judicial responsibilities." *Id.* at 339.

Nor is there any basis for federal diversity jurisdiction. It is apparent from the face of the complaint and interrogatory answers that Plaintiff and Defendant are citizens of Texas. *See* Dkt. No. 10 at Question 3. Thus, federal diversity jurisdiction is not proper. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of all plaintiffs must be different from the citizenship of all defendants).

### Recommendation

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge shall be served on all parties in the manner provided by law. Any party who objects to any part of it must file specific written objections within 14 days

after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 28, 2012

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE